JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

OWEN P. MARTIKAN (CABN 177104)
Assistant United States Attorney

   450 Golden Gate Avenue, 11th Floor
   San Francisco, California  94102
   Telephone: (415) 436-7241
   Facsimile: (415) 436-7234
   E-Mail: owen.martikan@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br>    Plaintiff, ) <br> ) <br>   v. ) <br> ) <br> EARL HARRELL SIMS, II, ) <br> ) <br>    Defendant. ) <br> ) <br> _____ ) | Criminal No. CR 08-0443 MMC <br><br> [~~PROPOSED~~] DETENTION ORDER |

     This case came before the Honorable Elizabeth D. Laporte on January 16, 2009 on defendant's motion for a detention hearing.  The defendant was represented by defense counsel Alex Kessel.  The United States was represented by Assistant United States Attorney Owen Martikan.  After hearing the parties' proffers and arguments and reviewing their papers, the Court found by a preponderance of the evidence that no condition or combination of conditions could reasonably assure the appearance of the defendant as required.  *See* <u>United States v. Motamedi</u>, 767 F.2d 1403 (9th Cir. 1985)(addressing the burden of proof governing a finding of risk of flight).  The Court provided the following reasons for this finding:

[~~PROP~~] **DETENTION ORDER**
**Case No. CR 08-0443 MMC**

(1) The defendant has an active no bail warrant for violating probation in Georgia;

(2) The defendant has previously violated probation by repeatedly flying between Atlanta, Georgia, and San Francisco, California without the permission of his probation officer;

(3) The defendant has previously used false identification to travel in violation of probation, and was arrested with six fake drivers licenses, each with a different assumed identity;

(4) Though the defendant claims to be an unemployed actor, he has significant wealth from unexplained sources, such a 2008 Mercedes-Benz valued by him at $70,000 in the list of assets that he provided to Pre-Trial Services, and the $58,000 in cash that he was arrested with in June, 2008; and

(5) The defendant has no family, personal, or other connections to this District.

The Court also found by clear and convincing evidence that the defendant posed a danger to the community and that no condition or combination of conditions could reasonably assure the safety of any other person and the community. 18 U.S.C. § 3142(f)(2)(B). The Court provided the following reasons for this finding:

(1) The defendant has a previous felony conviction for drug trafficking involving a firearm; and

(2) The defendant has a previous felony conviction for criminal damage to property.

These findings of fact are submitted pursuant to 18 U.S.C. § 3142(i)(1) and 18 U.S.C. § 3142(e).

The Court further directed the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. *See* 18 U.S.C. § 3142(i)(2).

The Court further directed that the defendant be afforded reasonable opportunity for

**[PROP] DETENTION ORDER**
**Case No. CR 08-0443 MMC**                 2

private consultation with counsel. *See* 18 U.S.C. § 3142(i)(3).

The Court further directed that, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the person is confined deliver the person to a United States marshal for the purpose of an appearance in connection with a court proceeding. *See* 18 U.S.C. § 3142(i)(4).

IT IS SO ORDERED.

DATED: February 4, 2009



HON. _____
United _____
Judge Elizabeth D. Laporte

**[PROP] DETENTION ORDER**
**Case No. CR 08-0443 MMC**                3