IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 08-0443 MMC |
| Plaintiff, | |
| v. | |
| EARL HARREL SIMS, II, | |
| Defendant. | **ORDER DENYING PLAINTIFF'S MOTION TO DISMISS, OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT; VACATING HEARING; SCHEDULING CASE MANAGEMENT CONFERENCE** |
| KAP SUK SIMS, | |
| Petitioner | |
| UNITED STATES OF AMERICA, | No. C 08-5023 MMC |
| Plaintiff, | |
| v. | |
| APPROXIMATELY $57,378.00 IN UNITED STATES CURRENCY, | |
| Defendant. | |
| KAP SUK SIMS, | |
| Claimant. | |

Before the Court is plaintiff United States of America's (the "Government') motion to dismiss for lack of standing or, in the alternative, for summary judgment, filed June 21,

1  2011.  Petitioner and claimant Kap Suk Sims' ("Sims") has filed opposition to the motion, to
2  which the Government has replied.  The Court deems the matters appropriate for decision
3  on the parties' respective written submissions, hereby VACATES the hearing scheduled for
4  August 19, 2011, and rules as follows.

5          The instant actions concern $57,378 in United States currency "seized as money
6  furnished or intended to be furnished by a person in exchange for a controlled substance,
7  or money traceable to such an exchange," in particular, money seized from Sims's son as
8  part of a narcotics investigation.  (See Compl. ¶¶ 1, 9-12, United States v. Approximately
9  $57,378 in United States Currency, No. C 08-5023.)  Although the relevant civil and
10 criminal forfeiture statutes provide such property is subject to forfeiture,[1] a third party may
11 defeat forfeiture by establishing, in the case of civil forfeiture, that such party is an
12 "innocent owner" of the defendant property, see 18 U.S.C. § 983(d), or, in the case of
13 criminal forfeiture, that such party has an interest in the forfeit property "superior to any
14 right, title, or interest of the defendant at the time of the commission of the acts which gave
15 rise to the forfeiture of the property," see 21 U.S.C. § 853(n)(6)(A).  Here, Sims asserts she
16 is such an owner.

17       **1.**    **Motion to Dismiss**

18         Contrary to the Government's argument, to survive a motion to dismiss a forfeiture
19 claim for lack of standing, "a claimant need only demonstrate a colorable interest in the
20 property" by "alleg[ing] that he has an ownership or other interest in the forfeited property."
21 See United States v. Real Property Located at 475 Martin Lane, 545 F.3d 1134, 1140 (9th
22 Cir. 2008).[2]  Here, Sims alleges: "I am the owner of the $57,378.00 which is subject [sic] of

---

[1] See 21 U.S.C. § 853(a)(2) (providing for forfeiture of criminal defendant's "property used, or intended to be used, in any manner or part, to commit, or to facilitate," inter alia, unlawful sale of controlled substance); see 21 U.S.C. § 881(a)(6) (providing "[a]ll moneys . . . intended to be furnished by any person in exchange for a controlled substance . . . and all moneys . . . intended to be used to facilitate any violation of this subchapter" are subject to civil forfeiture).

[2] The Government identifies no authority imposing a greater burden on a claimant to show standing in a criminal ancillary proceeding.

this forfeiture." (See Sims Aff., United States v. Sims, No. CR 8-443 (filed March 4, 2010); see also Sims Claim, United States v. Approximately $57,378 in United States Currency, No. C 8-5023 (filed Nov. 9, 2008) (alleging "[c]laimant is the owner of all of the above-captioned defendant property").) Such an allegation is sufficient to establish standing for purposes of the instant motion. See 475 Martin Lane, 545 F.3d at 1140 (finding, as "[c]laimants specifically alleged ownership" in defendant properties, claimants had made sufficient showing "at the initial stages of the litigation to establish they had standing to challenge the civil forfeiture action"); cf. United States v. $38,000.00 in United States Currency, 816 F.2d 1538, 1544 (11th Cir. 1987) (noting, "[t]here can be no doubt that [claimant], as owner of the currency, has Article III standing").

### 2. Motion for Summary Judgment

The Government's argument that Sim's testimony under oath and sworn statements in support of her claim are "uncorroborated" and "contradicted" by other evidence in the record (see Mot. at 23:4:14) is an argument to be made at trial and is unavailing at this stage of the proceedings. The court's role in ruling on a summary judgment motion is not to make credibility determinations or to weigh conflicting evidence with respect to a disputed material fact. See T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir.1987) (holding, at summary judgment stage, "all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of truth at trial").

Viewing the evidence in the light most favorable to Sims, see id. at 631 (holding, on summary judgment, "[i]nferences must . . . be drawn in the light most favorable to the non-moving party" (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)), there exists in the record sufficient evidence to create a genuine issue of material fact as to Sim's entitlement to the $57,378 here at issue. See Fed R. Civ. P. 56; Fed. R. Crim. P. 32.2(c)(1)(B). For example, in answering the Government's interrogatories, Sims states, "This money belongs to me and was earned with legitimate means" and "I gave my son, Earl Sims, the money to purchase restaurant equipment." (Sims's Answers to

Interrogatories at 3, <u>United States v. Approximately $57,378 in United States Currency</u>, No. C. 08-5023 (filed July 15, 2011)). Sims further described the sources of the $57,378 as "a Money Market Account" containing funds "accumulated over the years from working at C&C Beauty & Beyond . . . and also from the family owned businesses." (<u>See</u> <u>id.</u>) Sims disclaimed knowledge of Earl Sims's "intent[ ] to enter into any transaction involving the sale or exchange of unlawful drugs involving the defendant $57,378." (<u>See</u> <u>id.</u> at 4.)

Although, as the Government points out, Sims, during the course of discovery, referenced varying and arguably conflicting sources in support of her ownership of the subject funds, (<u>see</u> Mot. at 7-9 (describing Sim's testimony under oath and sworn statements regarding source of defendant currency)), Sims's evidence is sufficient to create a genuine issue of material fact as to Sim's status as an innocent owner and her interest in the defendant currency. <u>See</u> 18 U.S.C. § 983(d)(6) (defining "owner" as "a person with an ownership interest in the specific property sought to be forfeited"); 18 U.S.C. § 983(d)(2) (defining "innocent owner" as "owner who . . . did not know of the conduct giving rise to the forfeiture"); 21 U.S.C. § 853(n)(6)(A) (providing person with "superior" interest in property "at the time of the commission of the acts which gave rise to the forfeiture of the property" may defeat forfeiture); <u>U.S. v. Alcaraz-Garcia</u>, 79 F.3d 769, 774-776 (9th Cir. 1996) (holding, under California law, bailor has superior interest in property to bailee for purposes of federal forfeiture statute).

Accordingly, the Government's motion is hereby DENIED. A telephonic Case Management Conference is hereby SCHEDULED for September 16, 2011. The parties shall file a joint case management statement no later than September 9, 2011.[3]

**IT IS SO ORDERED.**

Dated: August 12, 2011

_____
MAXINE M. CHESNEY
United States District Judge

---

[3] In its reply, the Government states it is willing to stipulate to a trial on the record presently before the Court. (<u>See</u> Reply at 10:25-11:2.) The Court will address that suggestion at the Case Management Conference.